IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND TORRES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4466 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is petitioner's *pro se* motion for relief under Federal Rules of Civil Procedure ("FRCP") Rule 60(b), which was filed no earlier than April 6, 2020. (Docket Entry No. 18.)  Having considered the motion, the record, matters of public record, and the applicable law, the Court DISMISSES the motion as untimely and for lack of jurisdiction.  In the alternative, the Court DENIES the motion for lack of merit.

### *Background*

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging a denial of parole and violations of state parole procedures.  The Court dismissed the petition as unexhausted on January 29, 2019, and denied petitioner's Rule 59(e) motion on April 12, 2019.  The docket shows that copies of the orders were mailed to petitioner's address of record on those same days.  The docket further shows that copies of the docket sheet were sent to petitioner at his request on July 25, 2019, and again on October 4, 2019.

Petitioner filed a notice of appeal on November 6, 2019.  The Fifth Circuit Court of Appeals found that petitioner did not meet the time requirements of Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6), and dismissed the appeal as untimely on December 9, 2019.  On January 31, 2020, the Fifth Circuit informed petitioner that it would take no action on his motion for reconsideration received January 29, 2020, as it was untimely.

### *Analysis*

In his pending motion, petitioner requests reinstatement of the case under FRCP Rule 60(b)(6) for "excusable neglect" and "any other reason that justifies relief."  Because the issue of "excusable neglect" arises under Rule 60(b)(1), the Court liberally construes the motion as seeking relief under Rules 60(b)(1) and (b)(6).

*Rule 60(b)(1)*

FRCP 60(b)(1) permits a district court to relieve a party from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect."  A motion under Rule 60(b)(1) must be made no more than a year after the entry of the judgment or order.  FED. R. CIV. P. 60(c)(1).

Petitioner's motion, liberally construed, appears to challenge two aspects of his case: that the Court dismissed the case on January 29, 2019, without addressing the merits, and that the Court failed to send him a copy of the order denying his Rule 59(e) motion on April 12, 2019.  To any extent he now challenges the dismissal of January 29, 2019, his motion was not filed within one year as required by Rule 60(c)(1), and the motion is untimely.  If he is

claiming lack of timely notice as to the order of April 12, 2019, he did not file a Rule 60(b)

motion as to the order itself at the time he allegedly received a copy of it; rather, he pursued

an untimely and unsuccessful direct appeal of the order.  Consequently, his instant Rule

60(b)(1) motion was not made within a reasonable time, and is untimely under Rule 60(c)(1).

Regardless, petitioner proffers no "excusable neglect" on his part nor does he identify any

failure on his part for which "excusable neglect" might apply.

   *Rule 60(b)(6)*

   Petitioner fares no better as to his Rule 60(b)(6) motion.  It is well settled that "the

catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the

other grounds enumerated in Rule 60." *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002)

(quotation marks omitted). Here, petitioner expressly requested relief for "excusable

neglect," which falls squarely within the language of Rule 60(b)(1).  Consequently, his

reliance on Rule 60(b)(6) is foreclosed.

   Nevertheless, petitioner warrants no relief under Rule 60(b)(6).  Rule 60(b)(6)

provides that a court may relieve a party from a final judgment or order for "any other reason

justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).  This "any

other reason" clause is a "grand reservoir of equitable power" to do justice in a case when

relief is not warranted by the given enumerated grounds; however, relief will be granted only

if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743,

747 (5th Cir. 1995) (citations omitted).  Such a motion must be made within a reasonable

3

time.  Petitioner does not demonstrate extraordinary circumstances as to either the dismissal order or the Rule 59(e) motion, nor do the facts of this case show that the instant motion was filed within a reasonable time as to either order.  As discussed above, petitioner alleges that he received notice of the April 12, 2019, order on October 28, 2019.  However, he did not file a Rule 60(b) motion as to the order itself at the time he allegedly became aware of it; rather, he pursued an untimely and unsuccessful direct appeal of the order.  Consequently, his instant Rule 60(b)(6) motion, filed no earlier than April 6, 2020, was not made within a reasonable time, and is untimely under Rule 60(c)(1).

*Successive Habeas Claims*

Petitioner also asks that the Court reconsider his section 2254 habeas petition and rule on its merits.  To the extent his pending Rule 60(b) motion can be liberally construed as a successive section 2254 habeas petition, neither petitioner nor public records for the Fifth Circuit Court of Appeals show that petitioner was authorized to file a successive habeas petition.  Consequently, this Court is without jurisdiction to adjudicate the non-procedural merits claims raised in the Rule 60(b) motion.

Regardless, it is apparent to the Court that reopening this case would not achieve substantial justice, that the interest in deciding the case on its merits would not outweigh the interest in the finality of the judgment, and that there is no merit in petitioner's claims.  It is clear that petitioner did not exhaust his habeas claims through the Texas Court of Criminal Appeals prior to seeking federal habeas relief in this proceeding, and reopening this case

4

would not alter its inevitable dismissal for failure to exhaust.  Petitioner's disagreement with the Texas Court of Criminal Appeals' dismissal of his state habeas application as non-compliant provides no basis for federal habeas relief, and reopening this case would not change that disposition.  Petitioner has been told on numerous occasions by both state and federal courts that he has no federal constitutional right to parole.  His continued pursuit of groundless serial habeas lawsuits for denial of parole will find no purchase in this Court.

### *Conclusion*

Petitioner's Rule 60(b) motion (Docket Entry No. 18)  is DISMISSED WITHOUT PREJUDICE as untimely and for lack of jurisdiction.  In the alternative, the motion is DENIED for lack of merit.  Any and all pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

Signed at Houston, Texas, on May 11, 2020.

Gray H. Miller
Senior United States District Judge